UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| OMAR MCCLAIN JR,<br><br>Plaintiff,<br><br>vs.<br><br>BOUMA FIRE, INC., d/b/a SERVICE FIRST FIRE SPRINKLER<br><br>Defendant. | 4:26-CV-04161-RAL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND CONCERNING SERVICE ON DEFENDANT AND ASSISTANCE BY NON-ATTORNEY |

Plaintiff Omar McClain Jr. filed a Complaint and Amended Complaint and has now paid his filing fee. Docs 1, 8, 14. It is unclear whether McClain has served the summons issued by the Clerk of Court on Defendant Bouma Fire, Inc. See Doc. 9. There are two pending motions in this case: (1) Plaintiff's Motion for Appointment of Counsel, Doc. 3, and (2) Plaintiff's motion for Reasonable Accommodation and Request to Have a Support Person, Doc. 16, where he asks that his mother Sarisa Ford "assist him as a support person throughout his case," id.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. McClain's claims do not appear to be complex. McClaim should be able to pursue his claims pro se at least at this phase of the case. His motion to appoint counsel is denied.

As for the request for a support person, McClain may have his mother read pleadings and assist him, as long as she is not serving as attorney. She may not sign or file any pleadings or argue in court, as that would be the unlawful practice of law. McClain's mother has signed a Certificate of Service, Doc. 13, reflecting personal delivery of certain motions on Delia Druley as attorney for defendant, which treads close to signing pleadings which she may not do. There is nothing filed indicating that Bouma Fire Inc. itself has been served with the summons complaint and amended complaint or waived service.

Under Federal Rule of Civil Procedure 4(m), a plaintiff has 90 days to serve the summons and complaint on a defendant. Rule 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). McClain is on notice that he must formally serve Bouma Fire Inc., pursuant to Rule 4(m), or the action could be dismissed. Therefore, it is

ORDERED that McClain's Motion for Appointment of Counsel, Doc. 3, is denied and that McClain's Motion for Reasonable Accommodation, Doc. 16, is granted to the limited extent as set forth above. His mother is not authorized to represent McClain as counsel in any way and is cautioned against engaging in unlawful practice of law. It is finally

ORDERED that the Clerk of Court email a copy of this order to attorney Delia Druley whom the Plaintiff identifies as counsel for Defendant but who is not on the docket sheet.

DATED this 29th day of September, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE